The Honorable Carl C. Krehbiel State Representative, 74th District State Capitol, Room 182-W Topeka, Kansas 66612
Dear Representative Krehbiel:
You ask whether the Hesston Area Senior Center's (HASC) Board of Directors is subject to the Kansas Open Meetings Act (KOMA).
According to the information that we have been provided, HASC is a 501(c)(3) nonprofit corporation that was formed by a group of Hesston area citizens. Membership in the Center is open to anyone, and the Board of Directors is elected by the membership.
HASC built the Center from donations and fund raisers; no government funds were used. The budget for the Center's last fiscal year was $59,586, of which 24% came from the Harvey County Council on Aging (from the county mill levy for senior services), 17% from a Community Services Grant (from a county mill levy for community services), and 9% from a grant from the Kansas Department on Aging. In short, half of HASC's annual budget last year came from governmental sources.
K.S.A. 75-4318(a) sets forth a two part test for determining whether groups are covered by the KOMA, both elements of which must be met. The KOMA provides:
 "[A]ll legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds shall be open to the public. . . ."
Attorney General Opinion No. 99-64 concerned whether the Prairie Village Economic Development Commission was subject to the KOMA. The opinion ultimately concluded it was not because the City did not exercise sufficient control over the Commission to deem it a governmental entity.
In reaching this conclusion, this office looked to the Kansas Supreme Court case, Murray v. Palmgren.[1] In it, the Court held not subject to the KOMA a private nonprofit corporation that ran the publically owned county hospital, because the corporation was not directly controlled by the county commission or county hospital board. The Court added, however, that in some cases, some technically independent groups might be subject to the KOMA:
 "Where it can be shown that a public body has intentionally, and for the purpose of avoiding the light of public scrutiny, appointed a board of non-elected citizens to determine for the elected board what course should be pursued, or where the actions of the private citizens are in any way binding upon the elected officials, the meetings of such groups should be open to public scrutiny. Public bodies cannot be allowed to do indirectly what the legislature has forbidden."[2]
The HASC does not trace its origins to any governmental action. Its board members are not government appointees. It in fact appears to have less governmental ties than the nonprofit corporation that was the subject in Murray v. Palmgren. While it does receive public funds, mere receipt of public funds is not enough to subject an entity to the provisions of the KOMA. In short, based on the information provided, we do not believe the Hesston Area Senior Center is subject to the KOMA.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] 239 Kan. 663 (1996).
[2] 239 Kan. at 671.